764 N.W.2d 889 (2009)
17 Neb. App. 451
Patrick K. GINN, Appellee,
v.
Pamela J. GINN, Appellant.
No. A-08-045.
Court of Appeals of Nebraska.
March 17, 2009.
*890 J. Bruce Teichman, Omaha, for appellant.
Shannon J. Samuelson, of Samuelson Law Office, for appellee.
IRWIN, SIEVERS, and CARLSON, Judges.
IRWIN, Judge.

INTRODUCTION
Pursuant to this court's authority under Neb. Ct. R.App. P. § 2-111(B)(1), this case was ordered submitted without oral argument. Pamela J. Ginn appeals from a decree of dissolution entered by the district court, which decree dissolved her *891 marriage to Patrick K. Ginn, divided the parties' marital assets and debts, and awarded custody of the parties' minor children and child support to Patrick. On appeal, Pamela asserts that the district court erred in failing to award her support and maintenance pursuant to Neb.Rev. Stat. § 42-362 (Reissue 2008). For the reasons set forth below, we affirm.

BACKGROUND
Pamela and Patrick were married on October 3, 1997. There were three children born of the marriage, a daughter, born June 15, 1994; a son, born August 28, 2000; and another daughter, born February 16, 2005.
For most of the parties' marriage, Pamela was employed as a nursing assistant at a medical center and Patrick was a self-employed truckdriver. In October 2006, Pamela resigned her employment at the medical center because she had "an issue being around a group of people that [she did not] know. Odd strangers, being out in crowds." Pamela subsequently began to receive "medical retirement" payments from her previous employer.
On November 30, 2006, Patrick filed a petition for dissolution of marriage. Patrick requested that the parties' marriage be dissolved and that he be awarded custody of the parties' three children and child support.
On March 22, 2007, Pamela filed an answer, counterclaim, and request for temporary alimony. Pamela sought dissolution of the parties' marriage, custody of the children, child support, and temporary and permanent alimony. In her request for temporary alimony, Pamela alleged that she was suffering from a mental illness which affected her ability to maintain any kind of employment.
The district court awarded Patrick temporary custody of the parties' three children pending trial and ordered Pamela to pay temporary child support. The court denied Pamela's request for temporary alimony.
On August 3, 2007, trial was held. At the trial, both Pamela and Patrick testified regarding their relationships with the children and their monthly incomes and expenses. In addition, Pamela testified about her mental health problems, about criminal charges that were currently pending against her, and about her ability to appropriately parent the children.
On August 22, 2007, the court entered a decree of dissolution. In the decree, the court awarded custody of the children to Patrick and ordered Pamela to pay child support in the amount of $219 per month. The court awarded Pamela "supervised" visitation with the children "until sufficient psychological evidence is adduced to alleviate concerns about her mental state." The court declined to award either party alimony payments.
Subsequently, Pamela filed a motion for new trial, alleging that the district court erred in "failing to award alimony to [her] where the evidence, without rebuttal, showed [she] was medically unable to work and provide her own support." The district court overruled Pamela's motion for a new trial. Pamela appeals here.

ASSIGNMENTS OF ERROR
On appeal, Pamela assigns that the district court erred in failing to award her support and maintenance pursuant to § 42-362 when she demonstrated that she was unable to work due to a mental illness.

ANALYSIS
In her brief to this court, Pamela argues that the evidence presented at trial demonstrated that she was mentally ill and that as a result of her mental illness, she was unable to work. Pamela further argues that because she is a "mentally ill divorcing *892 spouse," she is entitled to spousal support and maintenance pursuant to § 42-362. See brief for appellant at 2.
Section 42-362 provides, in relevant part, as follows:
When a marriage is dissolved and the evidence indicates that either spouse is mentally ill, the court may, at the time of dissolving the marriage or at any time thereafter, make such order for the support and maintenance of such mentally ill person as it may deem necessary and proper, having due regard to the property and income of the parties....
[1, 2] Reasonableness is the ultimate criterion to be applied in testing whether support and maintenance are to be awarded a mentally ill spouse under the provisions of § 42-362 and, if so, the amount and duration thereof. Kearney v. Kearney, 11 Neb.App. 88, 644 N.W.2d 171 (2002). See, also, Black v. Black, 223 Neb. 203, 388 N.W.2d 815 (1986). The support and maintenance to be awarded under § 42-362 are matters initially entrusted to the discretion of the trial judge, which award, on appeal, is reviewed de novo on the record and affirmed in the absence of an abuse of that discretion. Kearney, supra.
In the instant case, the district court did not specifically address an award of support or maintenance pursuant to § 42-362 in the decree of dissolution. However, the district court did explicitly deny both Pamela and Patrick "any alimony." In addition, the district court did address the evidence concerning Pamela's mental health and her inability to work. The district court found that "Pamela is not employed and based on hearsay evidence, she will not be able to work for years due to a therapist's recommendation." The district court also noted that "Pamela was obviously disoriented at trial and at times had difficulty articulating." The court believed Pamela's "cognitive abilities" to be impaired.
Based on the language in the decree of dissolution, it appears that the district court considered evidence regarding Pamela's mental health in determining such issues as custody of the parties' children, child support, and "alimony." Although the court did not make an explicit statement denying Pamela support and maintenance pursuant to § 42-362, the absence of such statement, together with the court's acknowledgment of Pamela's mental health problems, evidences an implicit denial of an award of such support and maintenance. We review the district court's implicit denial of support and maintenance for an abuse of discretion.
In our review of the record, we find limited and conflicting evidence to demonstrate that Pamela was mentally ill and that as a result of that mental illness, she was unable to work. Additionally, we find evidence that both parties have limited financial resources and "struggle" to keep up with their financial obligations. Accordingly, we do not find that the court abused its discretion in failing to award Pamela support and maintenance pursuant to § 42-362.

Evidence of Pamela's Mental Health.
[3] Pamela asserts that the evidence presented at trial demonstrated that she was mentally ill and that as a result of that mental illness, she was "unemployable." See brief for appellant at 2. Contrary to Pamela's assertions, our review of the record reveals that at the trial, there was limited and conflicting evidence regarding Pamela's mental health.
At trial, Pamela testified that she had been diagnosed with a mental illness and that at the time of the trial, she was still undergoing treatment for her mental illness. However, when Pamela was questioned regarding her ability to care for the children, Pamela testified that she had *893 "gotten the proper treatment and [was] on the proper medications" and could "properly care" for herself and the three children. Pamela did not offer expert testimony to provide an explanation regarding her specific mental health diagnosis or to clarify her limitations as a result of that diagnosis.
Pamela testified that she was taking multiple medications as a result of her mental illness, including "Wellbutrin, Lexapro, Topamax, [and] Lamictal." She testified that these medications were for "[d]epression." However, she did not provide any further evidence regarding the specific effects of each medication or the length of time she had taken these medications. We recognize that the district court observed Pamela to be disoriented and inarticulate at the trial. However, without further information regarding the side effects of her medication, it is difficult to know whether Pamela's behavior was a symptom of her mental illness or was a side effect of any medication she was taking.
Pamela testified that she was not able to work because of her mental illness. She did not provide further explanation or expert testimony tying her inability to work to her mental illness other than her own testimony that she has an "issue" being around groups of strangers. Pamela testified that her therapist informed her that it would be at least 8 to 10 years before she could return to a work environment. However, Patrick objected to this testimony as hearsay and the court sustained the objection. There is no other evidence in the record to suggest how long Pamela will be unable to work.
There was evidence that Pamela may assert the defense of not responsible by reason of insanity to four felony charges pending against her at the time of the dissolution proceedings. When Patrick questioned Pamela about the possibility of asserting this defense, Pamela testified that the assertion that she was legally insane applied only at the time of the crime and not at the time of the current trial. She stated, "For then and that time period. Not for now." The outcome of Pamela's criminal charges was unknown at the time of the current proceedings.
Other than Pamela's own assertions that she was mentally ill and unable to work as a result of that mental illness, there is little evidence to indicate that she is, in fact, suffering from a mental illness. In addition, Pamela, herself, presented conflicting evidence regarding her mental health. Pamela's testimony reveals her belief that her mental illness caused her to be unable to work but did not affect her parenting abilities or her ability to take care of herself. Pamela did not provide any expert testimony to support these somewhat conflicting assertions.
[4] The condition which triggers the support and maintenance to be paid under § 42-362 is a mental illness. See Kearney v. Kearney, 11 Neb.App. 88, 644 N.W.2d 171 (2002). Where the evidence does not clearly and affirmatively establish that a spouse is suffering from a mental illness or that such mental illness affects the spouse's ability to work, it is not an abuse of discretion to deny support and maintenance pursuant to § 42-362. Contrary to Pamela's assertions, the evidence did not clearly and affirmatively establish that she is suffering from a mental illness or that such mental illness affects her ability to work.

Circumstances of Parties.
[5] Even if we found sufficient evidence to indicate that Pamela was mentally ill, a review of the evidence regarding the parties' financial circumstances reveals that both parties have limited economic resources. Section 42-362 provides that a court may award a spouse support and *894 maintenance when the evidence indicates that the spouse is mentally ill. However, that section also provides that in making such award of support and maintenance, the court must "hav[e] due regard to the property and income of the parties."
In the decree of dissolution of marriage, the district court found that Patrick's adjusted gross monthly income was $2,284.79. While Pamela argued at trial that Patrick's income was much closer to $4,000, she does not assign as error the court's final calculation of Patrick's income. Because Pamela does not appeal from this finding and because we find support for the court's finding in the record, we conclude that Patrick's adjusted gross monthly income is $2,284.79.
At the trial, Patrick estimated his monthly expenses to be $4,740. Patrick testified that he was "struggling to get by" and that he did not have a surplus of money each month. Pursuant to the decree, Patrick was awarded custody of the parties' three children and was awarded $219 per month in child support. Patrick was ordered to pay Pamela an equalization payment of $12,000.
Pamela testified that she received $1,231 per month in "medical retirement" payments from her previous employer. Pamela estimated her expenses to be $2,000 a month. She also testified that she has "a lot of health care expenses" which total $2,000 a month.
Upon our review of the record and of the district court's division of the parties' assets and debts, it is clear that both Pamela and Patrick have limited financial resources available to them. Patrick is struggling to provide for himself and for the parties' three children, and Pamela is struggling to pay her medical bills. Considering the parties' financial circumstances and the overall division of the parties' property in the decree, we cannot say that the trial court abused its discretion in failing to award Pamela spousal support pursuant to § 42-362.

CONCLUSION
In light of the conflicting evidence regarding Pamela's mental health, the evidence regarding the financial circumstances of the parties, and the overall division of the parties' property, we find no abuse of discretion in the trial court's failure to award Pamela spousal support pursuant to § 42-362. We affirm.
AFFIRMED.